# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| STEVE EARLE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-12-440 |
| § | |
| JPMORGAN CHASE BANK, N.A., § | |
| fka CHASE HOME FINANCE LLC, § | |
| § | |
| Defendant and § | |
| Third-Party Claimant, § | |
| § | |
| VS. § | |
| § | |
| BANK OF AMERICAN, N.A., § | |
| LISA EARLE § | |
| § | |
| Third-Party Defendants. § | |

## MEMORANDUM AND OPINION

This opinion addresses Bank of America's motion for leave to file a third-party claim against Bouman Kraus PC, the law firm representing the plaintiff, Steve Earle, in his suit against JP Morgan Chase Bank, N.A. (JPMC), formerly known as Chase Home Finance LLC,[1] over his unsuccessful efforts to have JPMC modify his home mortgage loan and JPMC's foreclosure of the home. JPMC answered, (Docket Entry No. 3), and filed an amended answer, a counterclaim, and third-party claims against Earle's wife, Lisa Earle, and Bank of America, N.A., (Docket Entry No. 17). JPMC alleges that after the Earles' home was damaged by fire, they made a claim on their homeowner's insurance policy issued by Nationwide Property & Casualty Insurance Co. (*Id*. at 10). Nationwide

---

[1] Effective May 1, 2011, JPMorgan Chase Bank, N.A. became the successor by merger to Chase Home Finance LLC. (Docket Entry No. 17 at 9).

issued three checks, in the amounts of $3,287.12, $154,771.41, and $19,430.50, payable jointly to "Steve and Lisa Earle and Chase Home Finance LLC." (*Id*. at 11). The Earles endorsed the checks, but Chase Home Finance did not. The checks were deposited into the trust account of Bouman Kraus PC, the law firm representing the Earles. Bouman Kraus allegedly presented the checks for deposit without the endorsement by Chase Home Finance. Bank of America paid the checks despite the omission of Chase Home Finance's endorsement. Bouman Kraus has distributed most of the proceeds to the Earles. (*Id*). JPMC asserted counterclaims and third-party claims against the Earles under the Theft Liability Act, TEX. CIV. PRAC. & REM. CODE § 134.005, and for conversion and breach of contract. JPMC asserted a third-party claim against Bank of America for conversion of an instrument, TEX. BUS. & COM. CODE § 3.420. Bank of America now seeks leave to join Bouman Kraus as a third-party defendant. (Docket Entry No. 36).

In its proposed third-party complaint, Bank of America alleges that Bouman Kraus is liable under the Uniform Commercial Code for breaching its transfer warranties with respect to the Nationwide checks. TEX. BUS. & COM. CODE §§ 3.416; 4.207. Bouman Kraus opposes the motion. (Docket Entry No. 37). Jason Kraus, the attorney representing the Earles, submitted an affidavit. (Docket Entry No. 39). Kraus stated that three checks totaling $177,489.03 were made payable to "Steve and Lisa Earle and Chase Home Fin LLC ISAOA ATIMA." (*Id*., ¶¶ 2, 3). Kraus stated that the Earles endorsed the checks as payable to his client trust account, and that he deposited them in that account. (*Id*., ¶¶ 2, 4). Kraus acknowledged that Chase's endorsement was missing but thought that Bank of America would have refused to accept the checks if they had not been endorsed properly. (*Id*., ¶ 5). Kraus asserts that he has disbursed all of the funds from the trust account to Earle and to other parties. (*Id*., ¶ 6).

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." A defending party may implead a nonparty without leave of the court by filing a third-party complaint less than 14 days after serving its original answer. If more time has passed, the defending party must obtain the court's leave. FED. R. CIV. P. 14(a).

District courts have "'wide discretion in determining whether to permit such third party procedure.'" *Briones v. Smith Dairy Queens, Ltd.*, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008) (quoting *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir. 1984)). "The factors applied when deciding whether to allow a third-party complaint include prejudice placed on the other parties, undue delay by the third-party plaintiff, lack of substance to the third-party claim, and advancing the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues)." *Id.* (citing 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1443, at 300–11 (2d ed.1990)).

Permitting Bank of America to implead the law firm representing the Earles would cause delay and undue prejudice. Granting the motion would require the Earles to obtain new counsel and would raise difficult issues of privilege and work-product. Both would significantly delay the lawsuit. Using Rule 14 to add a party's counsel as a party raises special concerns that can overcome any incremental gain in efficiency that might result.

Although Bank of America also asserts a need to obtain information about what entities or persons received the full amount of the insurance proceeds, that information can be obtained through

discovery without adding Bouman Kraus as a party. For these reasons, Bank of America's motion for leave to join Bouman Kraus as a third-party defendant, (Docket Entry No. 36), is denied.

SIGNED on February 12, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge